FARMERS' FRIEND MANUF'G CO. *v.* CHALLENGE CORN-PLANTER CO.

*(Circuit Court, W. D. Michigan, S. D.   January 16, 1885.)*

PATENTS FOR INVENTIONS—REISSUE NO. 10,155—CORN-PLANTER.

Reissued letters patent No. 10,155, issued to the Farmers' Friend Manufacturing Company as assignee of Michael Runstetler, on July 11, 1882, is not for the same invention covered by the original letters, and is invalid.

In Equity.

*Wood & Boyd* and *E. W. Withey,* for complainant.

*Stem & Peck* and *Edward Taggart,* for defendant.

BAXTER, J.   This is a bill to enjoin an alleged infringement of reissued letters patent No. 10,155, issued to the complainant, as assignee of Michael Runstetler, on July 11, 1882.   We have not the time to enter upon a full discussion of the facts of the case, and hence will content ourselves with a simple announcement of the conclusion to which we have arrived on one question made and relied on by the defendant.

In a former suit, prosecuted by the complainant in this court against the Waite Manufacturing Company, for an alleged infringement of the same reissued letters patent, we rendered a decree in complainant's favor, affirming their validity, and ordered an account of the damages.   This, of course, would be conclusive of this case on that point if the facts of the two cases were the same; but the defendant did not introduce in the former case any testimony in support of its defenses.   The decree made therein was predicated upon the *prima facie* case made by the production of complainant's said reissued letters patent and proof of the alleged infringement; but here the defendant comes with full proof.   Among other testimony, it has put in evidence a copy of the original letters patent, and insists that upon comparison thereof with the reissued letters patent it will appear that the latter is not for the same invention covered by the former.

The first claim of the original patent is in these words:

(1) In a corn-planter having the rear main frame mounted on supporting wheels, the front runner-frame hinged or pivoted to the main frame, and operated by an elevating and depressing lever pivoted to the main frame, having its front end slotted and connected to the runner-frame by a bolt passing through said slot, in combination with the shaft, A, and lifting hand-lever, D, rigidly attached to said shaft, for elevating, depressing, and controlling the runner-frame, substantially as herein set forth.

A reissue was applied for and obtained, in which the foregoing claim was expanded into the four following claims:

(1) In a corn-planter having the rear main frame mounted on supporting wheels and the front runner-frame hinged or pivoted to the main frame, the combination of a foot-treadle and a hand-lever adapted to be used in conjunction or independently for the purpose of elevating or depressing the runners, substantially as herein set forth.   (2) In a corn-planter having the rear main frame mounted on supporting wheels and the front runner-frame hinged or

pivoted to the main frame, a foot-treadle for elevating or depressing the runner-frame, in combination with a hand lock-lever, the foot-treadle and hand-lever adapted to be used in conjunction for forcing and locking the runners into the ground or lifting and locking them out of the ground, substantially as herein set forth. (3) In a corn-planter having the rear main frame mounted on supporting wheels and the front runner-frame hinged or pivoted to the main frame, a foot-treadle for elevating or depressing the runner-frame, in combination with a hand-lever rigidly connected therewith, that either hand-lever or treadle may be used for forcing the runners into the ground or lifting them out of the ground, substantially as herein set forth. (4) The combination, in a corn-planter having the rear main frame mounted on supporting wheels and a front runner-frame hinged or pivoted to the main frame, of a foot-treadle for elevating the runner-frame, and a hand-lever for elevating or depressing the same, both arranged to move simultaneously when either is acted upon by an operator.

The foregoing first claim of the original patent ought, in view as well of its own terms as of the correspondence relating thereto, which passed between the office and the inventors' solicitors, shown by the file-wrapper, to be restricted to the specific combination therein described. This was all to which the inventor was entitled, (everything else having been anticipated by others.) Thus construed, the defendant's planter is not an infringement of the original patent. This was conceded by complainant's expert in his testimony and by counsel in the argument of the cause. But defendant's planter is, as they contend and as the court concedes, an infringement of the reissued patent. The reissue is not, as we think, for the same invention covered by the original letters, and is invalid. Complainant's bill will be dismissed, with costs.